**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alvin GUTIERREZ–RODRIGUEZ,**
**Defendant–Appellant.**

**No. 07–10016.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 24, 2008.

Claire Kiehl Lefkowitz, Esq., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

David Edward Lipartito, Esq., Attorney at Law, Tucson, AZ, for Defendant–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's motion for oral argument is denied.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Alvin Gutierrez–Rodriguez appeals from the 63–month sentence imposed following his guilty-plea conviction for illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Gutierrez–Rodriguez contends that the district court erred when it applied the 16–level enhancement for a prior drug trafficking offense, because the fact of conviction was not proven by clear and convincing evidence. The record belies this contention. Gutierrez–Rodriguez also contends that the enhancement should not apply because it was not proven that the elements of the underlying offense met the requirement for the Guidelines enhancement. We disagree. Using the categorical approach prescribed by *Taylor v. United States,* 495 U.S. 575, 600–02, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), we conclude that the underlying offense qualifies as a drug trafficking crime under the Sentencing Guidelines. *Compare* O.R.S. § 475.999 (2002) *and* O.R.S. § 475.005(8), (12) (2002), *with* U.S.S.G § 2L1.2 cmt. n. 1(B)(iv).

Gutierrez–Rodriguez further contends that his sentence is unreasonable and that the district court failed to adequately articulate its reasons for imposition of sentence. At the sentencing hearing, the district court explicitly cited to 18 U.S.C. § 3553(a), acknowledged that it had reviewed the documents in the record, heard argument from both parties, and then imposed a sentence at the low-end of the recommended range. The district court

articulated its reasoning to the degree required for meaningful appellate review, *see Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2469, 168 L.Ed.2d 203 (2007), and we conclude that Gutierrez–Rodriguez's sentence is not unreasonable. *See Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 602, 169 L.Ed.2d 445 (2007).

Gutierrez–Rodriguez also contends that his sentence violated the Eighth Amendment. We disagree because Gutierrez–Rodriguez's sentence was well below the statutory maximum, and was not grossly disproportionate to his crime. *See United States v. Cupa–Guillen,* 34 F.3d 860, 865 (9th Cir.1994).

We decline to consider Gutierrez–Rodriguez's ineffective assistance of counsel claims. *See United States v. McKenna,* 327 F.3d 830, 845 (9th Cir.2003).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.